IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY TORRENCE,

    Plaintiff,

v.                                                                                                                                                                  No. 18-cv-0934 SMV

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security Administration,

    Defendant.

**ORDER SETTING TELEPHONIC HEARING
ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) [Doc. 2], filed on October 5, 2012. Plaintiff requests that he be permitted to proceed *in forma pauperis* ("IFP") in accordance with 28 U.S.C. § 1915. [Doc. 2].

In order to proceed IFP on appeal, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). It is within the district court's discretion whether or not to grant a civil litigant leave to proceed IFP. *See* 28 U.S.C. § 1915(a) (2012).

Here, the record as it stands today fails to persuade me that Plaintiff is "financially unable" to pay the filing fee. *See* [Doc. 2]. Plaintiff reports receiving $2,900 per month in "disability," *id.* at 2, but his expenses are not entirely clear. Accordingly, Plaintiff and his attorney must appear to provide further information in support of the motion to proceed IFP. In particular, Plaintiff reports

paying $1,033 per month in costs related to transportation,[1] which without further explanation, seems excessive. *Id.* at 4; *see Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("But when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments."). Similarly, Plaintiff reports that one person replies on him for support. [Doc. 2] at 3. Plaintiff lists this individual as 26 years old but fails to explain why a 26-year-old requires Plaintiff's support. *Id.* Additionally, Plaintiff reports $300 per month in utilities and an additional $80 per month in laundry and dry-cleaning costs. *Id.* at 4. Without further explanation, $80 per month for laundry seems excessive, especially considering that amount does not include water or sewer because those costs are included in utilities. Finally, Plaintiff reports paying $100 per month in "[a]limony, maintenance, and support paid to others." [Doc. 2] at 4. More information is required on that expense.

**IT THEREFORE ORDERED, ADJUDGED, AND DECREED** that a telephonic hearing is set on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] for **October 17, 2018, at 2:30 p.m.** Both Plaintiff and his attorney must appear telephonically on Judge Vidmar's "Meet Me" line at **(505) 348-2357**.[2]

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] Plaintiff claims $495 per month for his motor vehicle, a 2012 Chevy Equinox, plus $138 per month for auto insurance, plus an additional $400 per month in "transportation" costs. [Doc. 2] at 4.
[2] The "Meet Me" line accepts no more than five incoming telephone lines at a time. Counsel must ensure *prior to the conference* that no more than five incoming telephone lines are utilized.