IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY TORRENCE,

    Plaintiff,

    v.                                                            Civ. No. 18-934 SCY

ANDREW SAUL, Commissioner of Social
Security,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**THIS MATTER** is before the Court on Plaintiff's Opposed Motion For Attorney Fees Pursuant To Equal Access To Justice Act (Doc. 39). Plaintiff seeks attorney's fees in the amount of $7,792.80 and costs in the amount of $400. The Commissioner of the Social Security Administration filed a response in opposition (Doc. 40), and Plaintiff filed a reply (Doc. 41). Having reviewed the briefing, the record, and the relevant law, the Court grants the motion for EAJA fees.

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner does not contest elements one or three, and argues only that his position was substantially justified. His

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Doc. 20.

"position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that his position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation marks omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). "In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.* When the agency's legal theories are inconsistent with the correct governing legal standard, the Commissioner cannot show that his position was substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 380-81 (10th Cir. 1988).

Plaintiff raised two issues for review in his motion to remand: (1) ALJ Richter failed to follow the Appeals Council's instructions to evaluate the VA's disability rating, Doc. 30 at 21-22; (2) and ALJ Richter erred by failing to consider the opinion of his treating physician, Dr. Tarr, that Mr. Torrence's substance abuse was not material because Mr. Torrence would still suffer from debilitating anxiety and depression even if he stopped drinking, *id.* at 22-23. The

Court ultimately only considered Plaintiff's second argument and remanded on that basis. Doc. 37 at 7. The Court agreed that the ALJ was required, but failed, to evaluate all of the medical opinions in the record that could have an effect on the RFC, including Dr. Tarr's opinion on materiality. *Id.*

The factual and procedural history of this application for benefits was slightly complicated. Doc. 37 at 2-3, 7. In relevant part, the ALJ found that Mr. Torrence engaged in alcohol and substance abuse through April 2009. AR 1224. The ALJ's decision evaluated three different periods of time: (1) between October 15, 2007 and April 2009, Mr. Torrence's mental symptoms were disabling, but Mr. Torrence's substance abuse was a contributing factor material to the determination of disability, and absent the substance abuse he would not have been disabled; (2) between May 2009 to February 2017, the ALJ found Mr. Torrence was sober and not disabled under the Act; and (3) beginning in February 2017, the ALJ found that Mr. Torrence's age category changed and he became disabled under the grids. AR 1220-44.

In his motion to remand, Plaintiff argued that the ALJ failed to discuss or weigh an opinion from his treating physician, Dr. Tarr, in August 2009 on the very issue the ALJ adjudicated: that Mr. Torrence would still suffer disabling anxiety and depression even if he stopped drinking. In response, the Commissioner confessed error: the ALJ's failure to discuss or acknowledge this opinion was error. Doc. 34 at 9.

Given its appropriate confession of error, the Commissioner defended the ALJ's decision on the basis of harmless error. Because Dr. Tarr's opinion was issued in August 2009, the Commissioner argued, it relates to the adjudicated period of May 2009 to February 2017, when the ALJ found that Mr. Torrence was not experiencing substance abuse. Doc. 34 at 9. It follows logically, the Commissioner argued, that an opinion on the materiality of substance abuse is not

3

relevant to an RFC for a period during which there was no substance abuse. *Id.* The Court ultimately rejected the Commissioner's harmless error argument, noting:

> In his August 2009 opinion, Dr. Tarr opined that Mr. Torrence would still have mental impairments if he stopped drinking. AR 200. It would have been nonsensical for Dr. Tarr to issue such an opinion if Dr. Tarr's report only addressed, as the Commissioner argues, the period after which Mr. Torrence had stopped drinking. To accept the Commissioner's argument, the Court would have to impute facially illogical opinions to Dr. Tarr as a matter of "clearly established" fact.

Doc. 37 at 13. Although the Court rejected the Commissioner's argument, it acknowledged a reasonable factfinder could adopt the Commissioner's position. Further, the Court noted its agreement "that, if Dr. Tarr's August 2009 opinion related only to a period during which Mr. Torrence was sober, the portion of that opinion that addressed the materiality of Mr. Torrence's substance abuse would be irrelevant," and "Dr. Tarr's August 2009 opinion, on its face, does not specify its temporal applicability." Doc. 37 at 12-13.

The Court continues to find that reasonable factfinders could go either way on the issue of whether Dr. Tarr's opinion related to the period of non-sobriety between October 15, 2007 and April 2009 adjudicated by the ALJ. Thus, the Court takes no issue with this portion of the Commissioner's argument. Instead, the greater concern relates to the Commissioner's failure to cite to the correct legal standard. This is because, under binding Tenth Circuit precedent, when the agency's legal theories are inconsistent with the correct governing legal standard, the Commissioner cannot show that his position was substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 380-81 (10th Cir. 1988).

Harmless error only applies if *no* reasonable factfinder could disagree with the Commissioner's position. The law is well established on this point. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (harmless error is applicable only when "we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have

4

resolved [a] factual matter in any other way," or when "the missing fact was clearly established in the record"); *Hackett*, 475 F.3d at 1174-75 (an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ is not a true harmless error argument). In its Response to Plaintiff's Motion to Remand, the Commissioner never acknowledged this standard. *See generally* Doc. 34. And, in its present Response to Plaintiff's Motion for Attorney's Fees, the Commissioner argues "[t]his lack of a specified time period, in combination with the fact that Dr. Tarr only began treating Plaintiff in June 2009, could lead *a* reasonable mind to believe that Dr. Tarr's August 2009 opinion did not relate back to before April 2009." Doc. 40 at 6 (emphasis added). This is the wrong legal standard.

In deciding Plaintiff's Motion for Attorney's fees, the Court focuses not on the argument the Commissioner made in its Response to Plaintiff's Motion for Remand but, rather, on the legal standard the Commissioner used in making that argument. Harmless error only exists if *no* reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter any other way. But it appears the Commissioner based his harmless error argument on the notion that an error is harmless if *a* reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in the Commissioner's favor. Although the difference between these standards in terms of letters used is slight, the difference in terms of impact is large. Asking whether *no* reasonable administrative fact finder would disagree with the Commissioner is very different than asking whether there exists *a* reasonable administrative factfinder who would agree with the Commissioner.

In sum, the Court agrees with the Commissioner that *a* reasonable factfinder could decide that Dr. Tarr's August 2009 opinion did not relate to a time period that had closed before Dr. Tarr ever saw or treated Plaintiff (between October 15, 2007 and April 2009). The Court further

5

agrees that fee shifting under the EAJA is not appropriate when the Commissioner, even if he loses, took a reasonable position in challenging a claimant's motion for remand. The Court further understands that when the Commissioner used the term "reasonable" in its Response to Plaintiff's Motion for Attorney's Fees, he was often referring to the reasonableness of the Commissioner's position, not the reasonableness of the ALJ. But this is part of the problem; the Commissioner needed to, but did not, set forth the correct standard for harmless error. By failing to do this, under Tenth Circuit precedent, the Commissioner acted unreasonably. When the Commissioner relies on an incorrect legal standard, the Tenth Circuit mandates fee shifting. Here, the Commissioner did not cite the correct legal standard, intimates that a different legal standard applies and, as a result, has failed to meet his burden to establish that his position was substantially justified.

The Commissioner does not challenge the amount of attorney's fees requested by the Plaintiff. The Court finds the amount reasonable. The Court agrees with Plaintiff that 38.20 hours is reasonable, and efficient, for disability appeals. A reasonable hourly EAJA fee for work performed in 2019 is $204/hour. Thus, Plaintiff is entitled to an award in the amount of $7,792.80 and costs in the amount of $400.00.

## CONCLUSION

Mr. Torrence's Opposed Motion For Attorney Fees Pursuant To Equal Access To Justice Act, Doc. 39, is GRANTED.

THE COURT HEREBY ORDERS that attorney's fees be, and hereby are, awarded under the EAJA, payable to Plaintiff but mailed to her attorney in the amount of $7,792.80. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

Plaintiff is also awarded costs, pursuant to 28 U.S.C. § 1920, in the amount of $400.00 representing the filing fee.

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent